IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL LEE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 6757 |
| ) | |
| EXECUTIVE DIRECTOR JOHN ) | Wayne R. Andersen |
| MAUL, et al. ) | District Judge |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of defendants, John Maul, Henry Troka, Lieutenant Martiniak, Officer Thomas, and Sergeant Haran, to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is granted in part and denied as moot in part.

### BACKGROUND

Plaintiff, Nathaniel Williams, has filed a *pro se* complaint against defendants, who are Cook County Jail officials, alleging in count one a violation of his civil rights under 42 U.S.C. § 1983. The plaintiff, who was a pre-trial detainee at the Cook County Jail, alleges that on March 22, 2002, another inmate, without provocation, struck him in the head with a walking cane after a brief verbal exchange. After the incident, Officer Thomas took the plaintiff, who was bleeding, to the medical unit where he was treated by a nurse and doctor who stitched his cut. The plaintiff complains that Officer Thomas delayed in transporting him to the medical unit by thirty minutes.

In the days after the incident, the plaintiff complained to defendants of swelling and headaches, which he alleges the defendants ignored.

After the incident, the offending inmate, James Skyes, was transferred to another cell block in the Cook County Jail. Within a few weeks, however, Skyes was allowed to return. The plaintiff alleges that on three separate occasions after his return, Skyes threatened him with knives and assaulted and threatened other inmates in his area. In April of 2003, after several requests, the plaintiff was transferred to a different cell block. The plaintiff maintains that, as a result of the alleged assault and threats by Skyes, he continues to suffer from headaches and is unable to sleep.

In the plaintiff's second claim, he seeks enforcement of a settlement agreement in a § 1983 suit he filed in September of 1998 for the denial of medical treatment.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiffs. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). A court will grant a motion to dismiss only if it is impossible for the plaintiffs to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "A complaint drafted by a *pro se* litigant 'however inartfully pleaded,' is held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997)(citation omitted).

# DISCUSSION

## I. Section 1983 Claim

An actionable § 1983 claim requires a plaintiff to plead (1) a deprivation of a right secured by the constitution or laws of the United States (2) caused by an action taken under color of state law. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003)(citation omitted). The record reflects that the defendants in this case, while acting as law enforcement officials, were acting under color of state law. *See Matzker v. Herr, et al.* 748 F.2d 1142 (7th Cir. 1984). Our inquiry turns, therefore, to the question of whether the plaintiff has adequately pled a deprivation of a Constitutional right.

The Supreme Court has held that the Eighth Amendment's prohibition against cruel and unusual punishment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, imposes a duty upon states to "'take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of others." *Boyce v. Moore*, 314 F.3d 884, 889 (2002)(quoting *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). To state an actionable Eighth Amendment claim, the plaintiff must plead the defendant acted with "deliberate indifference" to the substantial risk of harm. The "deliberate indifference" standard is subjective. *Id.*

We believe the plaintiff has adequately pled a deprivation of his Eighth Amendment rights. In his complaint, he states that the defendants failed to take reasonable measures to provide him medical care and to guarantee his safety. Specifically, he alleges the defendants demonstrated "'deliberate indifference' to plaintiff's safety, since it was common knowledge among the Administration that James Skyes was a very violent inmate who prayed on older

3

inmates." (Pl. Compl. at 8.) Because the plaintiff has stated a claim upon which relief can be granted, we deny the motion to dismiss to the § 1983 claim.

**II.     Settlement Agreement**

In 1998, the plaintiff brought an entirely different suit alleging denial of medical treatment by different defendants. *See Williams v. Manilla*, No. 98 C 5639. The case settled in July of 2002. The plaintiff alleges in the second count of the present action that he has not received an MRI from Cook County Hospital under the terms of the settlement agreement in the earlier *Manilla* case.

After reviewing the court docket for the *Manilla* case, however, we find that on June 24, 2004, Judge Nolan entered an order stating that the dispute between the parties concerning compliance with the prior settlement agreement had been settled. *See* Docket Number 71, No. 98 C 5639. Judge Nolan's order was entered after the filing of the present lawsuit. Accordingly, we dismiss as moot the plaintiff's second claim seeking enforcement of the *Manilla* settlement agreement.

## CONCLUSION

For the following reasons, the motion to dismiss [31-1][34-1] is denied in part and granted in part. In addition, the following motions are denied: (1) motion by plaintiff in opposition to defendants motion to dismiss [35-1]; (2) plaintiff's motion opposing defendant Thomas' motion to adopt co-defendant motions to dismiss [42-1]; and (3) plaintiff's motion for a default judgment [42-2]. It is so ordered.

Dated: March 8, 2005

Wayne R. Andersen
United States District Judge

4